**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-cr-80034-Middlebrooks/Matthewman
_____
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)(1)(A)(i)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(d)(1)
21 U.S.C. § 853

**UNITED STATES OF AMERICA**

vs.

**PATRICK JAMES DIMAURO,**

Defendant.
_____/

FILED BY_____*TM*_____D.C.

*Mar 6, 2025*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**INDICTMENT**

The United States Attorney charges that:

**COUNT 1**

On or about January 22, 2025, in Palm Beach County, in the Southern District of Florida,

the defendant,

**PATRICK JAMES DIMAURO,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United

States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(vi), it is further alleged that

this violation involved 40 grams or more of a mixture and substance containing a detectable

amount of fentanyl, a Schedule II controlled substance.

1

## COUNT 2

On or about January 30, 2025, in Palm Beach County, in the Southern District of Florida, the defendant,

### PATRICK JAMES DIMAURO,

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(vi), it is further alleged that this violation involved 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

## COUNT 3

On or about February 21, 2025, in Palm Beach County, in the Southern District of Florida, the defendant,

### PATRICK JAMES DIMAURO,

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code. Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

## COUNT 4

On or about February 21, 2025, in Palm Beach County, in the Southern District of Florida, the defendant,

### PATRICK JAMES DIMAURO,

did knowingly possess a firearm in furtherance of a drug trafficking crime, a felony offense for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title

2

21, United States Code, Section 841(a)(1), as charged in Count 3 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

It is further alleged that this offense involved a Glock 20, 10 mm semi-automatic pistol.

## COUNT 5

On or about February 21, 2025, in Palm Beach County, in the Southern District of Florida, the defendant,

### PATRICK JAMES DIMAURO,

knowingly possessed a firearm and ammunition, in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that said firearm and ammunition are:

a.  One (1) Glock 20, 10 mm semi-automatic pistol; and

b.  Eleven (11) rounds of 10 mm caliber PMC ammunition.

### FORFEITURE ALLEGATIONS

1.     The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **PATRICK JAMES DIMAURO**, has an interest.

2.     Upon conviction of a violation of Title 18, United States Code, Sections 922(g) and/or 924(c), or any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

3.     Upon conviction of a violation of Title 21, United States Code, Section 841, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any

3

property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

All pursuant to Title 18, United States Code, Section 924(d)(1) and Title 21, United States Code, Section 853, and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_____
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

_____
BRIAN RALSTON
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

**CASE NO.:** _____

**v.**

PATRICK JAMES DIMAURO

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendant.

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____

**Court Division** (select one)

Total number of new counts _____

☐Miami  ☐Key West  ☐FTP
☐FTL  ☒WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) _No_
List language and/or dialect: _____

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                (Check only one)
   I  ☒ 0 to 5 days               ☐ Petty
   II ☐ 6 to 10 days              ☐ Minor
   III ☐ 11 to 20 days            ☐ Misdemeanor
   IV ☐ 21 to 60 days             ☒ Felony
   V ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) _No_
If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) _Yes_
If yes, William Matthewman _____ Magistrate Case No. 25-8091-WM _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) _No_
If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of February 21, 2025 _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) _No_

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? (Yes or No) _No_

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) _No_

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? _No_

16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? _No_

By: _____

Brian D. Ralston
Assistant United States Attorney
SDFL Court ID No.        A5502727

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Patrick James Dimauro

**Case No**:

Counts #: 1-2

Distribution of a Controlled Substance (fentanyl)

21 U.S.C. § 841(a)(1), (b)(1)(B)(vi)
* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** 4 years to life
* **Max. Fine:** $5,000,000
* *Special Assessment:* $100

Count #: 3

Possession with Intent to Distribute a Controlled Substance (fentanyl)

21 U.S.C. § 841(a)(1), (b)(1)(C)
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years to life
* **Max. Fine:** $1,000,000
* **Special Assessment:** $100

Count #: 4

Possession of a Firearm in Furtherance of a Drug Trafficking Crime

18 U.S.C. § 922(c)(1)(A)(i)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years consecutive
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000
* **Special Assessment:** $100

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 5

Felon in Possession of a Firearm and Ammunition

18 U.S.C. § 922(g)
* **Max. Term of Imprisonment:** 15 years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000
* **Special Assessment:** $100

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**